This Court granted certiorari to review the action of the Court of Civil Appeals 383 So.2d 170 in affirming the trial court's grant of summary judgment to the respondents/defendants. We reverse and remand.
The facts of this case revolve around the execution and performance of a construction contract awarded to respondent/defendant Orlin Buzbee, d/b/a Buzbee Contracting Company (hereinafter Buzbee), by the Industrial Water Board of the City of Birmingham. The contract contemplated the construction of various improvements to the Water Board's Sipsey and Cane Creek Pumping Stations, and was awarded to Buzbee on the basis of certain plans and specifications. The improvements were aimed at enhancing the distribution of drinking water to residents of the City of Birmingham, and for use by industrial consumers. As security for its performance, Buzbee executed a labor and material payment bond to the Water Board, with respondent/defendant Balboa Insurance Company (hereinafter Balboa) being named as surety.
Prior to any performance under the contract, Buzbee subcontracted the work to the petitioner/plaintiff Bagby Elevator Electric Company, Inc. (hereinafter Bagby). Bagby engaged in and completed performance under the contract, with all the work being done in a good and workmanlike manner and in full accord with the specifications of the original agreement. Bagby thereafter filed suit against Buzbee and Balboa for work and labor done, and for the recovery of reasonable attorney's fees. *Page 175 
The action commenced by Bagby never proceeded to trial. Instead, the action was dealt with summarily, as the trial court responded to the parties' respective motions for summary judgment. Bagby made its initial motion for summary judgment on May 26, 1978, requesting judgment on the original claim, for interest thereon, and for an award of reasonable attorney's fees. The motion was based solely upon the pleadings of the parties and requests for admissions made by Bagby and served upon each of the respondents pursuant to the provisions of Rule 36, ARCP. The request for admissions concerned the question whether the terms of the original contract, or the specifications upon which Buzbee was awarded the contract, required Buzbee to furnish a bond in accordance with the provisions of Code 1975, § 39-1-1. That section provides, in part, that a contractor entering into a contract with any public work must execute a bond guaranteeing the payment of materialmen, subcontractors, laborers, etc., and the payment of attorney's fees for successful claimants on the bond. It is uncontradicted that these bond requirements do not apply to the present parties as a matter of law. Although the work performed by Bagby might realistically be classified as a public work, industrial development boards like the Industrial Water Board of the City of Birmingham are not subdivisions of the state.George A. Fuller Co. v. Vulcan Materials Co., 293 Ala. 199,301 So.2d 74 (1974). Even so, the parties were fully entitled to contract in contemplation of the statute, and with full recognition that any bond to be provided must comply with its terms. If the parties did so contract, it would appear that Bagby would be entitled to recover each of the items it claimed; if not, it is very unlikely that Bagby could establish its entitlement to recover attorney's fees. As a result, an affirmative response to Bagby's requests for admissions would have been highly beneficial to its cause of action.
The responses to the requests for admissions by the respondents were conflicting. Buzbee, the original contractor, failed to respond to the request, thereby admitting the matter by operation of law. Rule 36 (a), ARCP. Balboa, on the other hand, entered a conditional denial. It stated that on the basis of those portions of the contract and specifications in its possession, Buzbee was not required to execute a bond of the type referred to in the request for admission. The trial court was thus faced with divergent responses from one in privity of contract and one involved only as a surety.
After reviewing the pleadings and these responses, the Court partially acceded to Bagby's May 26th motion, granting Bagby summary judgment on the original claim for work and labor done. It specifically ordered that issues concerning the award of attorney's fees and the assessment of interest be reserved for trial.
On July 6, 1978, Balboa filed its initial motion for summary judgment, contending that it was entitled to judgment as a matter of law on the attorney's fees issued. This contention was necessarily based on the argument that the provisions of Code 1975, § 39-1-1, did not apply to the parties since the Water Board was not a subdivision of this state. In response to the motion, Bagby revived its previous efforts and filed a counter-motion for summary judgment on both of the remaining issues. Like Bagby's original motion, these motions were based solely upon the pleadings and the requests for admissions. The motions of both parties were overruled on July 20, 1978, and the case was set for trial before a jury on March 21, 1979.
Neither party was content with the July 20th order. As a result, they reasserted their respective motions prior to trial. This time the court responded by conducting a pre-trial hearing. After that hearing, the court granted summary judgment for Bagby on the issue of interest and for Balboa on the issue of reasonable attorney's fees. Bagby appealed the grant of summary judgment to the Court of Civil Appeals and contended summary judgment was improper on the issue of attorney's fees. On appeal, the Court of Civil Appeals affirmed the trial court's order. We granted this writ of certiorari to review that action. *Page 176 
Summary judgment is a procedural process which is governed exclusively by the provisions of Rule 56 of the Alabama Rules of Civil Procedure. During the almost seven years in which that Rule has been in effect in Alabama, it has been seriously studied by this Court on numerous occasions. It is now well-settled that summary judgment is proper only in those instances wherein there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Imperial Group, Ltd. v. Lamar Corp., 347 So.2d 988
(Ala. 1977); Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137
(1975). Otherwise stated, the moving party must be able to prove that on the basis of relevant information presented to the court (i.e.) pleadings, affidavits, depositions, answers to interrogatories, admissions, etc.) there are lacking any discernible circumstances under which the nonmoving party might be able to recover. Ragland v. Alabama Power Co.,366 So.2d 1097 (Ala. 1978); Harbour v. Colonial Fast Freight Lines,336 So.2d 1100 (Ala. 1976). These tests govern our action in passing upon the propriety of the trial court's ruling. It must be asked whether there are (1) any genuine issues of material fact on the issue of attorney's fees; or (2) any conceivable circumstances under which Bagby might be able to recover attorney's fees.
In determining the existence or absence of any genuine issue of material fact, we are limited in our review to the same factors considered by the trial court in initially ruling on the motion. Chiniche v. Smith, 374 So.2d 872 (Ala. 1978);Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976). In the present case, this means that we can look only at the pleadings filed by the parties and the confusing responses of the respondents to Bagby's requests for admissions. The trial court and the Court of Civil Appeals did not believe that these items raised any material issue of fact. We disagree.
In considering the pleadings and admissions it must be recognized that the scintilla evidence rule applies. Pursuant to the scintilla rule, courts are bound to allow factual questions to go to the jury if the evidence or any reasonable inference therefrom contains the merest gleam, glimmer, spark, the least particle or the smallest trace in support of the theory of the complaint. Draughon v. General Finance CreditCorp., 362 So.2d 880 (Ala. 1978); Elba Wood Products, Inc. v.Brackin, 356 So.2d 119 (Ala. 1978). We find a scintilla of evidence in support of Bagby's claim in the contradictory responses of the respondents, Buzbee and Balboa, to the requests for admissions. On the one hand there was an admission that § 39-1-1 was contemplated by the parties from one who was a party to the original contract. He surely knows what the terms of the original contract were, and his admission, by virtue of Rule 36 (b), ARCP, has the effect of conclusively establishing the issue unless the trial court permits him to withdraw the same. On the other hand, we are confronted with a denial from one who was not a party to the contract. We find it significant that this denial is conditional, based upon the admittedly limited information in the surety's possession. We feel the conflicting responses do produce at least a scintilla of evidence that the parties contracted for a bond in compliance with Code 1975, § 39-1-1; we perceive in Buzbee's admission discernible circumstances under which Bagby might support its claim for attorney's fees; and we perceive a genuine issue of material fact on what type of bond was contemplated by the parties. This being determined, the action of the Court of Civil Appeals in affirming the trial court's grant of summary judgment on the issue of attorney's fees is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
BLOODWORTH and ALMON, JJ., not sitting. *Page 177