Mildred Barnes appeals from an order granting summary judgment in favor of Liberty Mutual Insurance Company. We affirm.
While employed at DAB Industries in Athens, Alabama, Barnes was injured when the machine she was operating extruded a shaving of hot metal which landed on the left side of her face. Barnes brought suit against several defendants, including Liberty Mutual as the worker's compensation insurance carrier for DAB Industries. The complaint alleged that Liberty Mutual "negligently and/or wantonly inspected [the employer's] premises with regard to safety."
Liberty Mutual moved for and was granted summary judgment based upon the pleadings, interrogatories, affidavits, and the deposition of Mildred Barnes.
Mildred Barnes appeals, claiming that there existed at least a scintilla of evidence in support of her claim of negligent inspection against Liberty Mutual.
In her brief, Barnes relies upon the deposition testimony of the personnel manager of DAB Industries, to support her claim of negligent inspection. This deposition was not considered by the trial court, as it was not filed at the time the motion for summary judgment was heard. The trial court excluded this deposition and several other documents and depositions from the record on appeal, in response to a motion to strike filed by Liberty Mutual. The only deposition that was considered by the trial court was the deposition of Mildred Barnes.
As we noted in Stallings v. Angelica Uniform Co.,388 So.2d 942 (Ala. 1980), "the trial court cannot be put in error for failing to consider evidence which had not been presented to it at the time of the submission of the motion." Id. at 945.
Because Barnes does not allege error in the trial court's granting of defendant's motion to strike, and because the contents of the excluded material are not contained in the record before us, it cannot be considered in this Court's review. Prudential Insurance Co. of America v. Coleman,428 So.2d 593, 598 (Ala. 1983). On appeal from the granting of a summary judgment, this court is limited to a review of the record alone, and the record cannot be modified or altered by statements in briefs of counsel, nor by affidavits or other evidence not properly submitted. Green v. Standard FireInsurance Co. of Alabama, 398 So.2d 671, 673 (Ala. 1981).
In our determination of the propriety of summary judgment, we are limited in our review to the same factors considered by the trial court when it initially ruled on the motion. Ex parteBagby Elevator Elec. Co., 383 So.2d 173 (Ala. 1980). The question before us, therefore, is whether there was a scintilla of evidence before the trial court to prove negligent inspection on the part of Liberty Mutual.
Common law liability to third parties can arise from the negligent performance of even a voluntary undertaking. Beasleyv. MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844
(1971). Under current Alabama law, a worker's compensation carrier may be liable when it voluntarily undertakes to inspect an employer's premises for safety. Fireman's Fund AmericanInsurance Co. v. Coleman, 394 So.2d 334, 338 (Ala. 1980). However, in a suit of this nature, a plaintiff bears the burden of proving (1) that the defendant had a duty, or assumed a duty by voluntarily undertaking the inspection; (2) the scope of that duty; (3) whether the duty was breached; (4) whether there was damage or injury; and (5) whether the injury *Page 1043 
was proximately caused by that breach. Fireman's Fund, 394 So.2d at 349 (Jones, J., concurring); see also, United StatesFidelity Guaranty Co. v. Jones, 356 So.2d 596 (Ala. 1977).
In the instant case, there was evidence to indicate that Liberty Mutual did conduct some voluntary safety inspections at DAB Industries. However, there was no evidence to indicate that Liberty Mutual ever inspected the machine or the area in which Barnes was working. There was also not even a scintilla of evidence presented to indicate that any safety inspection was negligently performed or that any negligence on the part of Liberty Mutual proximately caused Barnes's injuries.
We, therefore, conclude that Barnes failed to present even a scintilla of evidence that she was injured as a result of Liberty Mutual's negligent inspection. Accordingly, we agree with the trial court that there exists no genuine issue of material fact, and hereby affirm.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.