Plaintiffs Alvin and Leona Thibodeaux appeal from the summary judgment entered in favor of defendants Robert Holk and Imogene Carney in an action alleging fraud and breach of contract and requesting equitable relief involving the sale of a certain parcel of real property.
On February 9, 1984, the Thibodeauxs entered into a contract to sell a parcel of real property located adjacent to their homeplace in Orange Beach to Dixie Properties Joint Venture. Dixie Properties, composed of Robert Holk, Fred Holk, Jr., Albert Carney, and Imogene Carney, agreed to purchase the property for $250,000. The purchase contract contained the following language:
 "1) The purchasers agree NOT to build anything with a roof south or below the bluff except the normal roof on a pier or boat house and that said contingency will appear in the deed. Nothing to obstruct the view of the abutting property owner.
". . . .
 "7) Further on # 1, no commercial enterprise will be carried on [on] the property, except multi-family dwelling."
The deed conveying the property, which was prepared by the Thibodeauxs' attorney, was executed on April 23, 1984. The restrictions contained in the purchase contract were not contained in the executed deed. At the closing, the Thibodeauxs were represented by their attorney and their real estate agent; the appellees, Robert Holk and Imogene Carney, were also present. There was no mention at the closing of any restrictions or of a lack thereof. The deed was signed by the Thibodeauxs, and it was recorded in the Probate Court of Baldwin County on May 7, 1984.
The Thibodeauxs filed suit on July 8, 1986, after a third-party purchaser of the property staked out the property to build a structure that would have resulted in a violation of one of the restrictions. In their suit against Dixie Properties; Robert Holk; Imogene Carney; Fred Holk, Jr.; Albert Carney; Larry Sutley; Murchison Sutley; Guarantee Title Company; Corte, Kerr Powell Real Estate, Inc.; and Carney 
Associates, the Thibodeauxs alleged that the defendants had fraudulently failed to disclose the omission of the restrictions from the deed. The Thibodeauxs later amended their complaint, setting out an additional claim based on breach of contract and requesting equitable relief in the form of a declaration of a constructive trust. Guarantee Title Company was dismissed from this action, pursuant to Rule 12(b), Ala.R.Civ.P.; Sutley and Murchison Sutley were dismissed, with prejudice,[1] due to a stipulation of the parties. Corte, Kerr Powell Real Estate and Carney Associates remain parties to the proceeding but are not involved in this appeal. On November 5, 1987, the trial court entered summary judgment in favor of Fred Holk, Jr., Albert Carney, and Dixie Properties, but denied summary judgment as to Robert Holk and Imogene Carney. On April 26, 1988, after hearing oral arguments on Robert Holk and Imogene Carney's motion to reconsider the denial of summary judgment, the trial court granted the motion to reconsider in favor of Robert Holk and Imogene Carney. In entering summary judgment, the trial court held that the Thibodeauxs' fraud claim was barred by the statute of limitations and that any contractual rights were merged into the deed and denied any equitable relief. The summary judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P. On appeal, the Thibodeauxs argue that the trial court erred in entering summary judgment on their fraud and contract claim and in denying their request for equitable relief.
It is, as the Thibodeauxs argue, generally true that "[t]he question of when *Page 1380 
a party discovered or should have discovered the existence of a fraud is ordinarily one for the trier of fact." Davis v.Brown, 513 So.2d 1001, 1003 (Ala. 1987) (citation omitted). However, we have also stated that we will "affirm the judgment appealed from if supported on any valid, legal ground." Tuckerv. Nichols, 431 So.2d 1263, 1265 (Ala. 1983). Here, after a thorough review of the trial court record, we can find no evidence of fraud. No communication was made between the parties during the closing, and mere silence is not actionable unless there is a duty to disclose material facts. See Bank ofRed Bay v. King, 482 So.2d 274, 285 (Ala. 1985); Holdbrooks v.Central Bank of Alabama, N.A., 435 So.2d 1250, 1252 (Ala. 1983). Clearly, there was no such duty to disclose here, as Robert Holk and Imogene Carney were principals of the partnership that was buying the property from the Thibodeauxs. Additionally, it has been held that:
 "It is elementary that omissions and commissions of an attorney at law are to be regarded as acts of the client whom he represents. Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598, 157 So.2d 23 (1963); Cooper v. Cooper, 273 Ala. 694, 144 So.2d 62 (1962); see also Berk v. State, 225 Ala. 324, 142 So. 832 (1932)."
Lawrence v. Gayle, 294 Ala. 91, 94, 312 So.2d 385, 387 (1975). Here, it is undisputed that it was the Thibodeauxs' attorney who prepared the deed and omitted the restrictions contained in the purchase contract.[2] Having determined that there is no evidence to support the Thibodeauxs' fraud claim, we need not discuss whether that claim was barred by the statute of limitations.
As to their breach of contract claim, the Thibodeauxs argue that the trial court erred in entering summary judgment on the grounds that "any contractual rights were merged into the deed." This Court, in Jones v. Dearman, 508 So.2d 707 (Ala. 1987), quoted the controlling doctrine:
 " '[O]rdinarily, in the absence of fraud or mistake, when a contract to convey has been consummated by the execution and delivery of the deed, the contract becomes functus officio, and the deed becomes the sole memorial and expositor of the agreement between the parties, and upon it thereafter the rights of the parties rest exclusively. . . .' "
508 So.2d at 709 (citations omitted).
We have already determined the absence of fraud, and now, on appeal, the Thibodeauxs allege, for the first time, mistake of the parties.
 " 'On appeal from the granting of a summary judgment, this court is limited to a review of the record alone, and the record cannot be modified or altered by statements in briefs of counsel, nor by affidavits or other evidence not properly submitted.' Barnes v. Liberty Mutual Insurance Co., 472 So.2d 1041, 1042 (Ala. 1985)."
Kemp Motor Sales, Inc. v. Lawrenz, 505 So.2d 377, 379 (Ala. 1987). Absent fraud or mistake, we can look only at the deed in determining the rights of the parties. The trial court, therefore, did not err in entering summary judgment as to the Thibodeauxs' breach of contract claim.
Finally, the Thibodeauxs argue that the trial court should have established a constructive trust, based on the theory of unjust enrichment.
 "A constructive trust is a creature of equity which operates to prevent unjust enrichment. A constructive trust will be found when property has been . . . acquired by fraud, or where in the absence of fraud it would not be equitable to allow it to be retained by him who holds it. . . . The issue of whether or not a constructive trust results is one of fact and as stated previously where the evidence is heard ore tenus the trial court's finding of fact will not be disturbed unless it is clearly erroneous or manifestly unjust." *Page 1381 
Brothers v. Moore, 349 So.2d 1107, 1108 (Ala. 1977). The trial court, after hearing oral arguments, held that no constructive trust should be created. The trial judge's findings are not clearly erroneous or manifestly unjust. We will, therefore, not disturb the trial court's ruling in this regard.
Due to the foregoing, Robert Holk and Imogene Carney's summary judgment is due to be, and it is hereby, affirmed. The appellees' motion to impose damages for frivolous appeal, pursuant to Rule 38, Ala. R.App.P., is denied.
AFFIRMED; MOTION FOR DAMAGES DENIED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.
[1] Pro tanto settlement with attorney Larry P. Sutley.
[2] We note that the Thibodeauxs' attorney handling this appeal is not the same attorney who represented them at the closing.