STEAGALL, Justice.
Plaintiff, Maurice Y. Ramsey, appeals from a summary judgment for General Accident Fire and Life Assurance Corporation (“General Accident”) in an action alleging negligent failure to inspect.
General Accident was the multi-peril, worker’s compensation, general liability, and fleet insurance carrier for the City of Huntsville on the date of the occasion made the basis of this lawsuit. Charles E. Shee-han was employed by General Accident as a loss control representative. His duties were to perform and conduct insurance surveys of commercial risks and to service accounts for loss control purposes. Shee-han’s job required him to evaluate risks, to identify potential hazards and loss activity, and to service accounts for loss control purposes.
On November 7, 1980, Ramsey was injured in a training exercise fulfilling his duties as a fireman with the City of Huntsville Fire Department. The training exercise was conducted at the fire training facility and specifically involved rapelling from an extended boom of a Huntsville Fire Department snorkel truck. As a part of the training exercise, Ramsey was lifted to a height of 40 to 50 feet in the bucket attached to the snorkel boom[1] and was required to rapell down a rope attached to the boom and extending to the ground, by the use of a belt or “Swiss Seat.” As Ramsey began to rapell from the side of the bucket, the belt or “Swiss Seat” became disconnected from the rope and Ramsey fell approximately 40 feet, injuring the lower portion of his body.
Ramsey filed suit against General Accident and others who are not parties to this appeal. Ramsey alleged that General Accident undertook to inspect the City of Huntsville’s premises for safety and negligently performed this inspection by failing to recommend the correction of unsafe working conditions and unsafe training practices and procedures and by failing to recommend adequate and proper equipment and devices to be utilized by Ramsey’s employer during training procedures.
General Accident’s motion for summary judgment, as amended, was granted by the trial court on September 13, 1988, and the summary judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P.
Ramsey appeals, arguing that the trial court erred by granting summary judgment in favor of General Accident, because, he says, there were genuine issues of material fact as to whether General Accident breached a legal duty owed to Ramsey arising from General Accident’s alleged voluntary safety inspections of the City of Huntsville Fire Department’s premises, equipment, and procedures; and, he says, there were genuine issues of material fact *22 as to whether General Accident breached a legal duty to inspect and thereby proximately caused Ramsey’s injuries and damages.
On appeal from the granting of a motion for summary judgment
“our determination of the propriety of summary judgment, [is] limited [to a] review [of] the same factors considered by the trial court when it initially ruled on the motion.... The question before us, therefore, is whether there was a scintilla of evidence before the trial court to prove negligent inspection on the part of [General Accident].”
Barnes v. Liberty Mutual Ins. Co., 472 So.2d 1041, 1042 (Ala.1985) (citation omitted).
This Court has stated:
“ ‘Common law liability to third parties can arise from the negligent performance of even a voluntary undertaking. ... Under current Alabama law, a worker’s compensation carrier may be liable when it voluntarily undertakes to inspect an employer’s premises for safe-ty_ However, in a suit of this nature, a plaintiff bears the burden of proving (1) that the defendant had a duty, or assumed a duty by voluntarily undertaking the inspection; (2) the scope of that duty; (3) whether the duty was breached; (4) whether there was damage or injury; and (5) whether the injury was proximately caused by that breach.’ ”
Adams v. Travelers Ins. Co., 494 So.2d 401, 403 (Ala.1986), quoting Barnes v. Liberty Mutual Ins. Co., supra.
This Court also stated in the recent case of Clark v. Floyd, 514 So.2d 1309, 1314 (Ala.1987):
“In Barnes, we held that proof of a general inspection of the premises by the insurance carrier was insufficient to establish a negligent inspection when that proof did not contain any evidence of an undertaking by the insurance carrier to inspect the specific area of the plant where the injury occurred. Barnes, 472 So.2d at 1042. In Adams, we refused to accept the plaintiff’s argument that the insurance company’s failure to inspect the plant while it was in operation was, in and of itself, proof of a negligent inspection. Adams, 494 So.2d at 404. Since the inspection had occurred after the plant had shut down for the day, we held that the insurance company had not undertaken a duty to discover any defects in its insured’s operation. Id.”
In the instant case, there was absolutely no proof that Sheehan, as a safety inspector for General Accident, had voluntarily assumed a duty to inspect the City of Huntsville Fire Department training facility. Additionally, while there was evidence that Sheehan had previously observed some training exercises, there was no evidence that he had observed any rapelling exercises and, more specifically, no evidence that he had observed any rapelling exercises from the extended boom of a snorkel truck. Because of the cases previously cited and for the reasons set out above, we find that there is no evidence to support Ramsey’s contention that Sheehan, as General Accident’s representative, voluntarily assumed a duty to inspect the rapelling procedure that caused Ramsey’s injury. Because we find that no duty to inspect existed, we need not address Ramsey’s contention that a breach of duty was the proximate cause of his injuries.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.
HORNSBY, C.J., dissents.

. A device similar to a “cherry picker”; it extends above the ground and is used to direct the water supply to the fire area.