KENNEDY, Justice.
The plaintiff, Dale Waldron, appeals the summary judgment in favor of Commercial Union Insurance Company (“Commercial Union”) in her action seeking damages for injuries she sustained at her place of employment, Enterprise Electronics, Inc.
The issue is whether the plaintiff presented a scintilla of evidence supporting any issue of fact that would permit submission of her claim to the trier of fact. See § 12-21-12, Ala.Code 1975.
Waldron alleged that Commercial Union negligently and/or wantonly failed to perform safety inspections and negligently failed to find, and/or to advise her employer to correct unsafe and dangerous conditions.
On June 7, 1984, Commercial Union, through its agent, George L. Reeves, conducted a single voluntary property, cargo, workmen’s compensation, and product risk survey for Enterprise Electronics. On October 24, 1984, Waldron tripped and fell over some loose cable and wire that cluttered the floor near her work station.
Under Alabama law, a workmen’s compensation carrier may be liable when it voluntarily undertakes to inspect an employer’s premises for safety. Fireman’s Fund American Ins. Co. v. Coleman, 394 So.2d 334, 338 (Ala.1980). Beasley v. MacDonald Engineering Co., 287 Ala. 189, 249 So.2d 844 (1971). In a suit of this nature, “a plaintiff bears the burden of proving (1) that the [insurer] had a duty, or assumed a duty by voluntarily undertaking the inspection; (2) the scope of that duty; (3) whether the duty was breached; (4) whether there was damage or injury; and (5) whether the injury was proximately caused by that breach.” Barnes v. Liberty Mutual Ins. Co., 472 So.2d 1041, 1042 (Ala.1985).
There was no evidence that the loose cable or wire was cluttering the floor on the day on which the inspection was conducted. There was also not a scintilla of evidence presented to indicate that the safety inspection was negligently performed or that any negligence on the part of Commercial Union proximately caused Waldron’s injuries.
We, therefore, conclude that Waldron failed to present a scintilla of evidence that she was injured as a result of a negligent inspection by Commercial Union. Accordingly, we agree with the trial court that *1045 there exists no genuine issue of material fact, and we hereby affirm the judgment.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.