The plaintiff, Ladas Land Development, Inc. ("Ladas"), appeals a summary judgment in favor of the defendant, Merritt and Walding Properties, L.L.P. ("Merritt"). We affirm.
On December 5, 2005, Merritt, the owner of a parcel of real property ("the property") located in the northeast quadrant of the intersection of Airport Boulevard and Schillinger Road in Mobile, signed a letter of intent ("the letter of intent") to convey to TLC Properties, Inc. ("TLC"), a perpetual easement for a billboard ("the billboard easement") on the property for a price of $50,000. On February 23, 2006, before it had conveyed the billboard easement to TLC, Merritt entered into a written contract ("the sales contract") in which it agreed to convey the property to Ladas for a price of $475,000. On April 13, 2006, before the conveyance of the property to Ladas had been closed, Merritt conveyed the billboard easement to TLC. *Page 57 
On June 9, 2006, Ladas sued Merritt, TLC, and Lamar Advertising Company ("Lamar").[1] a With respect to Merritt, Ladas alleged that Merritt's conveyance of the billboard easement to TLC breached a provision of the sales contract that stated that "[t]here shall not have occurred since the date of [the sales contract] any materially adverse change in the condition of the [property]" and that "[Merritt], subsequent to entering into the [sales contract] with [Ladas], fraudulently attempted to transfer an easement to [TLC], concealing the same from [Ladas]." Merritt's answer to Ladas's complaint denied that Merritt had breached the sales contract or committed fraud and, as affirmative defenses, asserted, among other things, that Ladas's claims were barred by the doctrine of merger and were barred or diminished by Ladas's failure to mitigate its damages.
On July 10, 2006, Ladas's attorney notified Merritt's attorney in writing that Ladas was "prepared to consummate the acquisition of the [property]" and that Ladas had scheduled the closing for July 19, 2006. On July 11, Merritt's attorney responded, stating:
 "I am not sure how [we are] going to close on this transaction since my client has taken the position that title will be transferred subject to the easement of TLC Properties, Inc. and your client has maintained that he is to receive transfer of title not subject to that easement.
 "I am open to suggestions."
Ladas's attorney then wrote Merritt's attorney, stating that Ladas was "prepared to close on the acquisition with the . . . easement in place." On July 19, Merritt conveyed the property to Ladas by general warranty deed. The deed stated that the property was subject to the bill-board easement that Merritt had conveyed to TLC.
In November 2006, Merritt moved the trial court for a summary judgment. Citing Jones v. Dearman, 508 So.2d 707
(Ala. 1987), and Roberts v. Peoples Bank Trust Co. ofSylacauga, 410 So.2d 393 (Ala. 1982), Merritt argued that it was entitled to a summary judgment because, it said, pursuant to the doctrine of merger, the execution and delivery of the deed providing that the property was subject to the billboard easement had extinguished any obligation Merritt may have had under the sales contract to convey the property to Ladas unencumbered by the billboard easement. Merritt further argued that, although the merger doctrine does not apply when fraud is present, Ladas could not defeat Merritt's merger defense based on fraud because Ladas was not fraudulently induced to accept the provision in the deed providing that the property was subject to the billboard easement — when Ladas accepted the deed, it knew that the deed provided that the property was subject to the billboard easement.
In its brief in opposition to Merritt's summary-judgment motion, Ladas conceded that it was not fraudulently induced to close the sale of the property. However, it argued that Merritt, by failing to disclose its intent to convey the billboard easement to TLC, had fraudulently induced Ladas to enter into the sales contract and that the presence of that fraud precluded the application of the merger doctrine. Alternatively, Ladas argued that the trial court should deny the summary judgment because the determination whether the fraud exception precluded the merger doctrine from applying in this case *Page 58 
required a determination whether Merritt's failure to disclose its intent to convey the billboard easement constituted fraud, which was a question of fact to be determined by the trier of fact. Merritt responded to Ladas's arguments by arguing thatJones v. Dearman and Thibodeaux v. Holk,540 So.2d 1378 (Ala. 1989), indicated that only fraud inducing Ladas to close the sale would preclude the application of the merger doctrine.
The trial court entered an interlocutory order granting Merritt's summary-judgment motion, explaining its rationale for granting the motion as follows:
 "The court finds that [Ladas] was fully aware of the easement granted to [TLC] by [Merritt] prior to the closing of [the] real estate purchase and [was] not fraudulently induced to close. The rights of the buyer under the contract for sale of the subject property were merged into the deed which expressly described the easement. When the plaintiff accepted the deed any rights to enforce the terms of the contract for sale were relinquished and are now barred. See Jones v. Dearman, [508] So.2d 707 (Ala. 1987), and Thibodeaux v. Holk, 540 So.2d 1378 (Ala. 1989)."
Ladas moved the trial court to "reconsider" its decision to grant Merritt's summary-judgment motion. In addition to reiterating the arguments it had made before the trial court had granted Merritt's summary-judgment motion, Ladas argued for the first time that the merger doctrine did not apply in this case because, Ladas said, it had been compelled to close its purchase of the property by its legal obligation to mitigate its damages.
The trial court denied Ladas's "motion to reconsider" the grant of Merritt's summary-judgment motion. Thereafter, at the behest of Ladas, the trial court dismissed Ladas's claims against TLC and Lamar Upon the dismissal of those claims, the summary judgment in favor of Merritt became a final judgment. Ladas timely appealed the summary judgment in favor of Merritt to the supreme court, and the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975, transferred Ladas's appeal to this court.
 "We review a summary judgment de novo. Alabama Ins. Guar. Ass'n v. Southern Alloy Corp., 782 So.2d 203 (Ala. 2000). We apply the same standard of review as the trial court in determining whether the evidence presented to the trial court demonstrated the existence of a genuine issue of material fact. Jefferson County Comm'n v. ECO Preservation Servs., L.L.C, [788] So.2d [121] (Ala. 2000) (quoting Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988)). A summary judgment is proper where `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala. R. Civ. P. See Ex parte General Motors Corp., 769 So.2d 903 (Ala. 1999), and Lawson State Comm. College v. First Continental Leasing Corp., 529 So.2d 926
(Ala. 1988)."
Northwest Florida Truss, Inc. v. Baldwin CountyComm'n, 782 So.2d 274, 276 (Ala. 2000).
As it did in the trial court, Ladas concedes on appeal that it was not fraudulently induced to close the sale of the property, but it nonetheless argues that Merritt, by failing to disclose that it intended to convey the billboard easement to TLC, fraudulently induced Ladas to enter into the sales contract and that that fraud precluded the merger doctrine from applying in this case. Merritt, on the other hand, *Page 59 
argues that only fraud inducing Ladas to close the sale would preclude the doctrine of merger from applying in this case.
"[M]ere silence as to a material fact is not fraud unless the defendant has a duty to disclose it." Gavin v. TCF AssetMgmt. Corp., 668 So.2d 523, 528 (Ala. 1995). "[W]here both parties to a transaction are knowledgeable, are capable of protecting their own interests, and are dealing at [arm's] length, no duty to disclose particular information exists unless the information is actually requested." Id. The record does not clearly establish whether Merritt had a duty to disclose its intent to convey the billboard easement to TLC before Ladas signed the sales contract. However, for purposes of analyzing the issue whether that failure to disclose precluded the sales contract from merging into the deed, we will assume, without deciding, that Merritt had a duty to disclose its intent to convey the billboard easement to TLC and, therefore, that its failure to do so constituted fraud.
None of the cases cited by the parties squarely addresses the issue whether Merritt's fraudulently inducing Ladas to enter into the sales contract would prevent the sales contract from merging into the deed even though Ladas had actual knowledge that Merritt had conveyed the billboard easement to TLC before it elected to close the sale and accept a deed providing that the property was subject to the billboard easement. However, we hold that Merritt's fraudulently inducing Ladas to enter into the sales contract did not preclude the application of the merger doctrine in this case. We base that holding on the fact that Merritt's fraudulently inducing Ladas to enter into the sales contract did not cause Ladas to close the purchase — Ladas learned that Merritt had conveyed the billboard easement to TLC before Ladas elected to close the purchase. By electing to close the sale and accept the deed providing that the property was subject to the billboard easement without stating that it was reserving its rights under the sales contract, Ladas implicitly consented to the merger of the sales contract into the deed. Accordingly, we find no error in the trial court's granting the summary-judgment motion on the basis of the merger doctrine.
Alternatively, Ladas argues that the trial court erred in granting the summary-judgment motion because, it says, the determination whether the fraud exception precluded the merger doctrine from applying in this case required a determination whether Merritt's failure to disclose its intent to convey the billboard easement constituted fraud, which was a question of fact to be determined by the trier of fact. However, our holding that the merger doctrine applies in this case even if we assume that Merritt's failure to disclose its intent to convey the billboard easement to TLC constituted fraud renders Ladas's second argument moot.
Finally, Ladas argues that the trial court erred in granting Merritt's summary-judgment motion because, Ladas says, the merger doctrine should not bar its claims in this case because it was compelled to close the sale because the law required it to mitigate its damages. However, we cannot reverse the trial court on the basis of that argument because the record establishes that it was not presented to the trial court until after the trial court had already taken the summary-judgment motion under submission and ruled upon it. "[T]he appellate court can consider an argument against the validity of a summary judgment only to the extent that the record onappeal contains material from the trial court recordpresenting that argument to the trial court beforeor at the time of submission of the motion for *Page 60 summary judgment." Ex parte Ryals, 773 So.2d 1011,1013 (Ala. 2000) (citing Andrews v. Merritt Oil Co.,612 So.2d 409 (Ala. 1992)) (second, third, and fourth emphasis added). Furthermore, even if we could base a reversal of the summary judgment on Ladas's mitigation argument, Ladas has not cited any legal authority indicating that its duty to mitigate its damages required it to close the purchase without reserving its rights under the sales contract. As noted above, by electing to close the purchase without stating that it was reserving its rights under the sales contract, Ladas implicitly consented to the merging of the sales contract into the deed.
Accordingly, we affirm the summary judgment in favor of Merritt.
AFFIRMED.
THOMPSON, P.J., and THOMAS, J., concur.
PITTMAN and MOORE, JJ., concur in the result, without writing.
[1] The record implies that TLC and Lamar are affiliated, but it does not indicate the nature of that affiliation.