[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 40 
Two major issues are presented for our review in this case between an insured and his insurer: (1) whether the trial court erred in denying a series of motions made by the insured[1] and (2) whether the trial court erred by refusing to give a requested jury instruction. On both points, we find no error; therefore, we affirm the judgment of the trial court.
Rance H. Williams and his wife owned a number of apartments in the Prichard area of Mobile County. On January 21, 1989, at approximately 8:30 p.m., a fire broke out at a duplex apartment owned by them. The duplex was insured by Allstate for $20,000. Several days after the fire, Williams and his wife both made claims to the insurance money. Independent investigators hired by Allstate determined that arson was the cause of the fire. Citing indications that Williams might have set the fire, Allstate denied his claim, but Allstate paid the claim of Williams's wife on the same policy, even though, according to Williams, he and his wife were together at the time of the fire.
In April 1989, Allstate filed a declaratory judgment action against Williams, seeking to have the court determine whether it was liable on the insurance contract. Allstate denied liability, based on an arson defense. Williams counterclaimed, seeking damages based on an alleged breach of contract, and bad faith refusal to pay a claim. After substantial discovery, Williams moved for a summary judgment as to Allstate's declaratory judgment action, and as to his breach of contract claim. Allstate moved for a partial summary judgment as to Williams's bad faith claim. After hearing argument and reading submissions, the trial court denied both Williams's and Allstate's summary judgment motions and the case proceeded to trial.
After Allstate presented its case-in-chief, Williams moved for directed verdicts on Allstate's declaratory judgment action, on his breach of contract claim, and on the question of liability on his bad faith refusal to pay claim. The court denied all of Williams's motions for directed verdicts.
Williams then presented his case to the jury. Both parties submitted written, proposed jury instructions. The judge refused to give Williams's requested instruction number 12. Williams objected, and argues here that the refusal was error.
The case was then submitted to the jury. The jury returned a verdict for Allstate on all claims; the trial court entered a judgment on that verdict and Williams appealed.
 Williams's Series of Motions
Williams filed a series of pre-trial, trial, and post-trial motions to test the sufficiency and weight of Allstate's evidence. We address each motion in turn.
(1) Motion for Summary Judgment
Williams moved for a summary judgment on Allstate's declaratory judgment action and on his breach of contract claim. Williams asserted that: 1) a contract existed, the insurance policy; 2) a destruction of the covered property took place, the fire; 3) a refusal to honor the contract occurred, Allstate's refusal to pay the claim; and 4) Allstate lacked a valid defense to liability under the policy. See, Coleman,Summary Judgment In Alabama: The Nuances of Practice under Rule56, 20 Cumb.L.Rev. 1, 13 (1989). Williams was asserting, then, that no genuine issue of material fact existed, that he was entitled to a judgment as a matter of law, and that Allstate did not have enough *Page 41 
evidence to substantiate its arson defense. Id. See, A.R.Civ.P. Rule 56(c) and Tripp v. Humana, Inc., 474 So.2d 88 (Ala. 1985). Williams's initial burden in regard to his summary judgment motion was carried when he introduced the insurance policy, affidavits concerning the fire, and Allstate's failure to pay the claim. The burden then shifted to Allstate to establish its arson defense by substantial evidence.[2]
A prima facie case of arson can be shown when the insurer introduces evidence that proves: 1) "arson by someone"; 2) "motive by the insured" (Williams); and 3) "unexplained surrounding circumstantial evidence implicating the insured" (Williams). Bush v. Alabama Farm Bureau Mutual CasualtyInsurance Co., 576 So.2d 175 (Ala. 1991); Great Southwest FireInsurance Co. v. Stone, 402 So.2d 899 (Ala. 1981).
Allstate produced evidence at the summary judgment stage that would substantiate its claim of "arson by someone." Specifically, a "cause and origin" investigator found debris samples that, when tested, showed that an accelerant (specifically, gasoline) had been used in one of the duplex apartments. Also, a rather neat, square hole had been cut in the wall connecting the apartments' back bedrooms. Affidavits and depositions show that this hole was probably intended to vent and spread the flames of the fire. We are convinced that Allstate showed the "arson by someone" element.
Allstate also had to show "motive by the insured." Allstate produced affidavits that revealed that the Williamses were in Chapter 11 bankruptcy. Although the Williamses did not attempt to keep the bankruptcy a secret, we are convinced that Allstate met its burden of showing motive by establishing that the Williamses were in financial need.
Finally, Allstate had to show "unexplained surrounding circumstantial evidence implicating the insured." Allstate produced a witness who saw Mr. Williams leave the apartment building a few hours before the fire. Allstate established that gasoline was poured on the apartment's floor, that the apartment's gas line control valve was broken into an "on" position, and that some form of paper was stuffed into the gas line, supposedly to keep the line open. Also, Allstate showed that the apartment was locked at the time of the fire, and that Williams had the only key. Altogether, this can be taken as "unexplained surrounding circumstantial evidence implicating the insured." Therefore, because Allstate substantiated its arson defense, and, thus, rebutted Williams's initial showing, the trial court did not err by denying Williams's motion for summary judgment.
(2) Motions for Directed Verdict
At the close of Allstate's case-in-chief, Williams moved for directed verdicts on Allstate's declaratory judgment action on the insurance policy, on his breach of contract claim, and on his bad faith claim. As noted above, at the summary judgment stage the declaratory judgment action and the breach of contract claim both hinged on whether Allstate substantiated its arson defense. The same was true at the directed verdict stage. Also, the motion for a directed verdict on the bad faith claim, to the extent that the motion was not premature, was tied to the question of contract liability, and thus to the arson defense.
In reviewing a motion for a directed verdict, we must view all the evidence in the light most favorable to the nonmovant, here, Allstate. Adams v. Travelers Ins. Co., 494 So.2d 401, 403
(Ala. 1988); Walker-Waddell Realty, Inc. v. Kresge,533 So.2d 573, 575 (Ala. 1988); Ex parte Hicks, 537 So.2d 486, 488 (Ala. 1988). Also, we must entertain such reasonable inferences as the jury would be free to draw from the evidence.Walker-Waddell, *Page 42 533 So.2d at 575. Additionally, there is a presumption favoring the denial of a motion for directed verdict. Adams, 494 So.2d at 403. Finally, we must uphold a denial of a directed verdict, "if, by any interpretation, the evidence can support a conclusion favoring the [nonmovant]," Hicks, 537 So.2d at 488.
Given these standards, and based upon an examination of Allstate's case-in-chief, and viewing the evidence in a light most favorable to Allstate, we are convinced that Williams was not entitled to a directed verdict. The testimony of Allstate's investigator, the eyewitness who saw Williams leave the apartment just hours before the fire, and Williams's own testimony concerning his bankruptcy all serve to substantiate Allstate's arson defense. Substantiating the arson defense, in turn, entitled Allstate to get to the jury on the declaratory judgment action and the breach of contract claim.
The trial court also allowed the bad faith claim to go to the jury. In light of our holding on the declaratory judgment action and breach of contract claim (i.e., the arson defense), this action was proper. See, National Savings Life InsuranceCo. v. Dutton, 419 So.2d 1357, 1362 (Ala. 1982).[3] Thus, the trial court did not err in denying Williams's motions for directed verdict.
(3) Motion for J.N.O.V.
After the jury had returned a verdict for Allstate, Williams filed a motion for J.N.O.V. The trial court denied the motion; Williams argues that this denial was reversible error. We disagree.
A motion for J.N.O.V. is merely a reassertion of an earlier motion for a directed verdict. See Alabama Power Co. v.Williams, 570 So.2d 589 (Ala. 1990). All evidence must be viewed in a light most favorable to the nonmovant. Id. For a movant to obtain a J.N.O.V., he must show: 1) either (a) a complete absence of proof on a material issue of fact, or (b) that there exist no controverted questions of fact on which reasonable people could differ; and 2) that he is entitled to a judgment as a matter of law. Deaton, Inc. v. Burroughs,456 So.2d 771, 773 (Ala. 1984).
Williams failed to show either of the two alternatives in the first prong of the standard. In fact, Williams's entire case on his breach of contract claim was dependent on the jury's believing his contentions as to his whereabouts at the time of the fire, and on its accepting some alternative to arson as the cause of the fire. There clearly was a controverted question of fact for the jury to resolve (i.e., whether the loss was caused by arson) and Allstate clearly presented proof in support of its position on that issue. Therefore, the court properly denied Williams's motion for J.N.O.V.
(4) Motion for New Trial
In addition to the motion for J.N.O.V., Williams also made a motion for a new trial after the jury had returned its verdict. He claimed that the jury verdict was against the great weight and preponderance of the evidence. The court denied his motion; Williams argues that this was error. Based on the applicable standard of review, we cannot agree.
There is a strong presumption of correctness that attaches to a jury verdict in Alabama, if the verdict passes the "sufficiency test" presented by motions for directed verdict and J.N.O.V. Christiansen v. Hall, 567 So.2d 1338, 1341 (Ala. 1990); Alpine Bay Resorts, Inc. v. Wyatt, 539 So.2d 160 (Ala. 1988). This presumption of correctness is further strengthened by a trial court's denial of a motion for new trial.Christiansen, 567 So.2d at 1341. Denying, and to a more limited extent *Page 43 
granting, a motion for new trial is within the sound discretion of the trial court. See, Jawad v. Granade, 497 So.2d 471, 477
(Ala. 1986). This Court will not reverse a judgment based on a jury verdict on a sufficiency of the evidence basis unless the evidence, when viewed in a light most favorable to the nonmovant, shows that the verdict was "plainly and palpably wrong and unjust." Christiansen, 567 So.2d at 1341. Based on our review of the record, we cannot say that the verdict was plainly and palpably wrong or unjust. Therefore, we uphold the trial court's denial of Williams's motion for new trial.
 The Jury Instruction Issue
Williams argues that the trial court erred by refusing to give his written requested jury instruction number 12, which stated:
 "I charge you members of the jury that an insurance company cannot sustain a defense of alleged arson fraud by its insured as the basis for non-payment of a legitimate claim by an insured for payment of policy benefits for a loss if the denial of the claim was based only on speculation, conjecture or guess." (Emphasis added).
The trial court did instruct the jury that its verdict could not be based on speculation, conjecture, or guess. Williams argues that the court's actual, oral charge did not adequately cover the proposition of law stated in requested charge 12.
We note that the refusal to give a requested written instruction can be error only if the same principles are notsubstantially covered in the court's oral charge to the jury. A.R.Civ.P. Rule 51; Standard Plan, Inc. v. Tucker,582 So.2d 1024, 1033 (Ala. 1991). To determine whether the principles were adequately covered, we must look to the oral charge as a whole. Id. Having looked to the oral charge in the record before us, we conclude that the concept stated in the requested instruction was indeed substantially covered by the trial court.
First, the court instructed the jury that its verdict could not be based on speculation, guess, or conjecture. Second, the court instructed the jury on Allstate's burden of proof on its declaratory judgment action. Implicit in the instruction on burden of proof is the notion that Allstate's decision could not be based on mere speculation, conjecture, or guess, but rather had to be based on positive evidence of arson. Third, the court instructed the jury on Allstate's burden of proof in showing the arson defense. Also, implicit in this instruction is the idea that mere conjecture would not suffice to sustain Allstate's decision to question liability on the policy. Because the oral instructions adequately covered the refused written instruction, we find no error in this refusal.
Based on the foregoing, we affirm the judgment of the trial court.
1900439 AFFIRMED.
1901479 AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] Each motion will be discussed in turn; as to each, we conclude that the trial court did not err in its ruling.
[2] This Court, construing § 12-21-12, Alabama Code 1975, has defined "substantial evidence" as "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
[3] Dutton contains the following pertinent, and controlling, language:
 "In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and, thus, entitled to recover on the contract claim as a matter of law. Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury."
419 So.2d at 1362.