KENNEDY, Justice.
The defendants, Joe and Rose Day, insureds under a homeowner’s policy, appeal from a judgment based on a jury verdict entered in favor of the plaintiff, Alfa Mutual Insurance Company (“Alfa”), in Alfa’s declaratory judgment action. The issue is whether Alfa presented a prima facie case implicating the Days in the arson of their insured dwelling.
The facts are as follows: Joe and Rose Day were given a piece of land in Elberta, Alabama. They sold their home in Kentucky in order to retire in Elberta, where Rose’s family lived.
Mr. Day built a two-story log home on the land in Elberta. He purchased a builder’s risk policy for the home from Alfa. Once the home was completed, Alfa converted the policy into a homeowner’s policy providing $100,-000 coverage for the dwelling and $75,000 coverage for the contents.
The Days’ home and most of its contents were destroyed by fire on March 27, 1992. It is undisputed that the fire was the result of arson. There was no forcible entry into the house. There was no burglary or vandalism.
Alfa sought a judgment declaring that no benefits were due under the policy, claiming that the Days had committed the arson. The Days counterclaimed, alleging breach of contract and bad faith refusal to pay an insurance claim.
Alfa presented evidence at trial tending to show that the Days were unhappy in Alabama and wanted to move back to Kentucky. The Days had tried to sell their home in Elberta for two years before the fire but had been unsuccessful. The house had decreased in value, because of the construction of a nearby trailer park. The house was insured for more than its fair market value. The Days’ savings account had gone from $14,-496.26 to $3,874.09 in the two years before the fire, and their checking account was overdrawn at the time of the fire. According to Alfa’s evidence, the Days had an annual income of $11,000 to $13,000 and needed the insurance money to move back to Kentucky without having to borrow money.
The Days presented evidence that they had $200,000 in unencumbered assets, including this home in Elberta, a motor home, a pickup truck, and home furnishings; that they had a steady income from Mr. Day’s carpentry work and Mrs. Day’s retirement check; and that on the night of the fire, the Days were in Kentucky visiting their son. The Days were not the last people inside the house before the fire; their real estate agent had shown the house to potential buyers while the Days were in Kentucky. The Days *34 testified that they did not want to move back to Kentucky.
At the close of Alfa’s case-in-chief, the Days moved for a directed verdict, which the trial court denied. After the Days presented their evidence, they renewed their motion for a directed verdict. The trial court denied the motion. The jury returned a verdict in favor of Alfa. The Days then moved for a JNOV or, in the alternative, for a new trial; the trial court denied their motion.
In reviewing a ruling on a directed verdict motion, this Court must view the evidence in a light most favorable to the nonmovant, here, Alfa. Walker-Waddell Realty, Inc. v. Kresge, 538 So.2d 573 (Ala.1988). We must entertain such reasonable inferences as the jury would be able to draw from the evidence. Walker-Waddell. There is a presumption favoring the denial of a directed verdict, and we must uphold the denial if by any interpretation the evidence can support a conclusion favoring the nonmovant. Williams v. Allstate Ins. Co., 591 So.2d 38 (Ala.1991).
A motion for a JNOV is merely a reassertion of an earlier motion for a directed verdict. For the Days to obtain a JNOV, they had to show: (1) either (a) a complete absence of proof on a material issue of fact, or (b) that there exist no controverted questions of fact upon which reasonable people could differ; and (2) that they are entitled to a judgment as a matter of law. Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala.1984).
A ruling on a motion for a new trial is within the trial court’s discretion. This Court will not reverse a judgment based on a jury verdict on an insufficiency-of-the-evidence claim unless the evidence, when viewed in a light most favorable to the non-movant, shows that the verdict was plainly and palpably wrong or unjust. Williams, 591 So.2d at 42-43.
Alfa’s prima facie case could be shown by evidence indicating: (1) “arson by someone”; (2) “motive by the insured”; and (3) “unexplained surrounding circumstantial evidence implicating the insured.” Williams, 591 So.2d at 41.
It is undisputed that arson was the cause of the fire that destroyed the Days’ house. Thus, the first element of Alfa’s prima facie case was met. Alfa had to show “motive by the insured[s].” Here, Alfa presented evidence that the Days wanted to move back to Kentucky, where they had lived most of their lives; that they had tried unsuccessfully to sell their house; that their checking account was overdrawn and their savings account was dwindling; that the house had decreased in value and was worth less than it was insured for; and that the Days needed the insurance proceeds to be able to move back to Kentucky without having to borrow money. This evidence suggested a motive for arson.
Finally, Alfa had to show that there was “unexplained surrounding circumstantial evidence implicating the insured[s].” The Days contend that Alfa made no showing of this element, contending that the only evidence tending to implicate the Days in the arson was that the Days were the only persons, besides the real estate agent, who had keys to the house. However, Alfa merely needs to show “unexplained surrounding circumstantial evidence implicating the [Days].” There was no forcible entry into the house on the night of the arson; someone apparently used a key to gain entry into the house. The only persons with keys were the Days and their real estate agent. The real estate agent testified that she had locked the door when she left.
On a motion for a directed verdict or a JNOV, the court must view the evidence in a light most favorable to the nonmovant, in this case Alfa. Viewed in that light, the evidence did not entitle the Days to a directed verdict or a JNOV. All of the parties agreed that the fire was started by arson. Alfa’s evidence indicated that the Days had a motive to commit arson, and the “surrounding circumstantial evidence” suggested that the Days were implicated. Taking into account all reasonable inferences from the evidence, we hold that Alfa substantiated its claim of arson. The Days, thus, were not entitled to a directed verdict or to a JNOV. Nor were they entitled to a new trial; our review of the record indicates that the verdict was not *35 plainly or palpably wrong or clearly erroneous.
AFFIRMED.
HOUSTON, INGRAM, COOK and BUTTS, JJ., concur.