YATES, Judge.
Sharon Yarbrough, individually and as next friend of her daughter Christina Yar-brough, an 11-year-old, sued the City of Geneva. The minor had attended a ball game at C.D. Chapman Memorial Park, which is owned and operated by the City of Geneva. While leaving the park, she fell over a cable that was stretched across the park’s entrance, and in the fall she broke her leg. The minor’s mother sued, alleging negligence. The case proceeded to trial, where, at the close of all the evidence, the City moved for a directed verdict. The court denied the motion. The jury returned a $20,000 verdict for the plaintiff. The court entered a judgment on the verdict. The City *624 moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The court denied the motion. The City appeals, arguing that the court erred in denying the motions.
When the City built the park, it installed chain-link gates across the entrance. To make it easier for pedestrians to enter the park, the City later removed these gates, but placed a cable across the entrance to prevent motorists from driving automobiles onto the park grounds. When the City first installed the cable, it hung flags along the cable to make pedestrians aware of its presence. There was some dispute at trial as to whether flags were hanging on the cable when the minor fell. ' The plaintiffs expert testified that the cable created a hazard in a public area and that it violated the Architectural Barriers Act and the Americans with Disabilities Act.
The City had initially installed a street light to light the entrance; however, the light had not been operational for several years because vandals repeatedly broke it and the City had decided not to repair it. There was some dispute at trial as to whether the entrance was adequately lighted.
A motion for a directed verdict is a procedural device by which one party tests the sufficiency of the other party’s evidence. See, Rule 50(a), Ala. R. Civ. P.; Alabama Power Co. v. Williams, 570 So.2d 589 (Ala.1990); John R. Cowley & Bros., Inc. v. Brown, 569 So.2d 375, 376 (Ala.1990). Similarly, a motion for a judgment notwithstanding the verdict simply “permits the trial court to revisit its earlier ruling denying the motion for directed verdict.” Alabama Power Co., supra, at 591. To withstand a motion for a directed verdict or a motion for a judgment notwithstanding the verdict, the nonmovant must present “substantial evidence” supporting each element of his cause of action or defense. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see § 12-21-12, Ala.Code 1975. Our review, therefore, calls for “a purely objective determination of whether the party having the burden of proof has produced [sufficient] evidence [to create a factual dispute] requiring resolution by the jury.” Ex parte Oliver, 532 So.2d 627, 628 (Ala.1988); see John R. Cowley & Bros., supra. When reviewing a court’s denial of a motion for a directed verdict or a motion for a judgment notwithstanding the verdict, this court must view all the evidence in the light most favorable to the nonmovant and must entertain such reasonable evidentiary inferences as the jury would be free to draw. Williams v. Allstate Ins. Co., 591 So.2d 38 (Ala.1991).
The City contends that the Alabama Recreational Use Statute, §§ 35-15-1 through -28, Ala.Code 1975, applies in this case, and, therefore, that the court erred in denying the motions.
Section 35-15-22 provides:
“Except as specifically recognized by or provided in this article, an owner of outdoor recreational ’land who permits noncommercial public recreational use of such land owes no duty of care to inspect or keep such land safe for entry or use by any person for any recreational purpose, or to give warning of a dangerous condition, use, structure, or activity on such land to persons entering for such purposes.”
The statute applies to premises owned by a municipality. Poole v. City of Gadsden, 541 So.2d 510 (Ala.1989). It is undisputed that the City owned the park, that the City operated it as a recreational park, and that the City did not charge an admission fee. Therefore, the City contends it is immune from liability for negligence claims based on injuries occurring on park property.
The plaintiff contends that § 35-15-24(a) applies in this case and defeats the immunity that would be afforded the City by § 35-15-22. Section 35-15-24(a) provides:
“(a) Nothing in this article limits in any way legal liability which otherwise might exist when such owner has actual knowledge: .
“(1) That the outdoor recreational land is being used for non-commercial recreational purposes;
*625 “(2) That a condition, use, structure, or activity exists which involves an unreasonable risk of death or serious bodily harm;
“(3) That the condition, use, structure, or activity is not apparent to the person or persons using the outdoor recreational land; and -
“(4) That having this knowledge, the owner chooses not to guard or warn, in disregard of the possible consequences.”
We find in the record evidence from which a jury could reasonably find that all criteria of § 35-15-24(a) had been satisfied. Given that finding, the City could not claim immunity under § 35-15-22. The court properly denied the motion for a directed verdict and the motion for a judgment notwithstanding the verdict.
AFFIRMED.
ROBERTSON, P.J., and MONROE, J., concur.
THIGPEN and CRAWLEY, JJ., dissent.