HOUSTON, Justice
(dissenting).
Given the facts suggested by the evidence in the record in this case, if the trial court had directed a verdict for the Crumptons on their breach of, contract claim and State Farm had appealed from a judgment on that directed verdict, then, viewing the undisputed facts in the record and the disputed facts construed most favorably toward the Crump-tons, I would have voted to reverse. (Under our standard for reviewing directed verdicts, I would have had to construe the disputed facts most favorably toward the nonmovant, which would have been State Farm in my hypothetical situation of the trial court’s directing a verdict for the Crumptons. However, even if I had given the Crumptons the benefit of the doubt, I would have had to vote to reverse such a judgment). See National Savings Life Ins. Co. v. Dutton, 419 So.2d 1357 (Ala.1982).
If this is a “normal” or an “ordinary” bad faith case, then I have to vote to reverse. The Crumptons contend that this is not a “normal” or “ordinary” case because, they argue, State Farm did not prove arson. State Farm, at the time this action was filed, had competent and relevant evidence indicating 1) that someone had committed arson; 2) that the insureds (the Crumptons) had a motive for committing the arson; and 3) that the insureds had had an opportunity to be involved in the origin of the fire. That evidence is sufficient for me to conclude that *138 this is a “normal” or “ordinary” bad faith case. Williams v. Allstate Ins. Co., 591 So.2d 38 (Ala.1991); Bush v. Alabama Farm Bureau Mutual Casualty Ins. Co., 576 So.2d 175 (Ala.1991); Great Southwest Fire Ins. Co. v. Stone, 402 So.2d 899 (Ala.1981).
Therefore, unless there was substantial evidence that State Farm 1) intentionally or recklessly failed to properly investigate the Crumptons’ claim; or 2) intentionally or recklessly failed to properly subject the results of its investigation to a cognitive evaluation or review; or 3) created its own debatable reason for denying the claim so that this would be an abnormal or extraordinary case of bad faith, I must vote to reverse.
I have studied the Crumptons’ brief; it does not persuade me that there was substantial evidence that State Farm did any one of the three things that would make this an abnormal or extraordinary bad faith case.
MADDOX and SEE, JJ., concur.