ROBERTSON, Presiding Judge.
Jackie Davison appeals from the denial of her renewed motion for a judgment as a matter of law in an action filed by Barbara Pogue in the Mobile County Circuit Court. We reverse and remand with instructions.
Pogue filed her complaint on March 14, 1997, alleging that she had been injured in an automobile collision on or about March *1241 20, 1995. According to her complaint, one of the defendants, Alan R. Carney, had negligently or recklessly “failed to maintain control [of] his vehicle and [had] caused or allowed his vehicle to collide into the rear of the vehicle driven by [Pogue].” Pogue also named as defendants Allstate Insurance Company, her uninsured-motorist-insurance carrier; fictitious defendants A, B, and C, who she alleged had negligently entrusted a vehicle to Carney; and fictitious defendants D, E, and F, who she alleged had “caused and/or contributed to” the collision. Carney filed a motion to dismiss, stating that he had provided Po-gue’s counsel a videotape of the accident “conclusively showing.that while [his] vehicle was involved” in the multi-vehicle accident, Carney’s vehicle had “at no time made contact with [Pogue]’s vehicle or caused any other vehicle to make contact with [Pogue]’s vehicle”; that his vehicle “was simply not in the immediate proximity” of Pogue’s vehicle; and that Pogue’s counsel had been informed of his motion to dismiss and had no objection to the motion. The trial court granted Carney’s motion and dismissed him as a defendant.
On October 14, 1997, 214 days after filing her original complaint, Pogue filed an amended complaint purporting to “substitute” Davison for Carney. The amended complaint inserted Davison’s name and corresponding feminine pronouns in all places where Carney’s name and corresponding masculine pronouns had been identified in the original complaint. Davi-son was served with the amended complaint on October 20, 1997, 220 days after the original complaint had been filed; Da-vison later answered the complaint, asserting, among other things, the affirmative defense that the statute of limitations barred Pogue’s action and that the amended complaint did not “relate back” pursuant to Rules 9 and 15 of the Alabama Rules of Civil Procedure.
The case then proceeded to a jury, trial, during which Davison filed motions for a judgment as a matter of law at the close of Pogue’s evidence and at the close of all the evidence, asserting, among other things, her limitations and relation-back defenses that she had pleaded in her answer. The trial court granted Davison’s motion for a judgment as a matter of law at the close of Pogue’s evidence, as to Pogue’s recklessness claim, but denied that motion as to Pogue’s negligence claim, stating that it would “let it go to the jury and we’ll [hash] out the statute of limitations problem after they return a verdict.” The trial court also denied Davison’s parallel motion filed at the close of all the evidence. The jury returned a verdict in favor of Pogue for $3,500, and the court entered a judgment on that verdict. Davison thereafter renewed her motion for a judgment as a matter of law,[1] reiterating her contentions regarding her limitations and relation-back defense; however, the court denied her renewed motion.
The standard of review with respect to a trial court’s ruling on a motion for a judgment as a matter of law is the same as was formerly applied to motions seeking directed verdicts and judgments non obstante veredicto, or notwithstanding the verdict (JNOV). See Life Ins. Co. of Georgia v. Parker, 706 So.2d 1108, 1109 n. 1 (Ala.1997). Under Rule 50, Ala.R.Civ.P., as it read before the October 1, 1995, amendment, for a party to obtain a JNOV, he or she was required to show “(1) either (a) a complete absence of proof on a material issue of fact, or (b) that there existfed] no controverted questions of fact upon which reasonable people could differ; and (2) that [he or she was] entitled to a judgment as a matter of law.” Day v. Alfa Mut. Ins. Co., 659 So.2d 32, 34 (Ala.1995).
Davison contends that the trial court erred in denying her renewed motion for a judgment as a matter of law, noting that *1242 she was substituted for “Alan C. Carney,” who had been dismissed from the action with Pogue’s consent when it became apparent that he had been improperly sued, and not for any of the fictitious defendants designated by letters. Davison argues that neither Rule 9 nor Rule 15 allowed for her substitution for Carney after the limitations period applicable to Pogue’s negligence claim had expired, and that she was therefore entitled to a judgment as a matter of law on that claim. Pogue has not favored this court with a brief.
Alabama law requires that all civil actions “for any injury to the person or rights of another not arising from contract and not specifically enumerated” in Ala. Code 1975, Title 6, Chapter 2, “must be brought within two years” after the cause of action has accrued. See §§ 6-2-80(a) and 6 — 2—38(Z),_ Ala.Code 1975. This two-year limitations period applies to actions based upon collisions arising from alleged negligence in the operation of a motor vehicle. See Latham v. Phillips, 590 So.2d 217 (Ala.1991). According to the complaint, as well as the evidence at trial, the collision made the basis of Pogue’s action occurred on March 20, 1995; however, Da-vison was not named as a defendant until October 14, 1997, and was not served until six days later. Thus, the two-year limitations period had expired as to Pogue’s claim against Davison by the time Davison was sued.
Despite the running of the limitations period as to Davison, Pogue’s amended complaint naming Davison would have “related back” to the'filing date of her original complaint, which was within the two-year limitations period, if that amendment complied -with the provisions of Rule 15(e), Ala.R.Civ.P. That rule provides:
“(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
“(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
“(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, ... or
“(3) the amendment, other than one naming a party under the party’s true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or
“(4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).”
(Emphasis added.)
Subsection (c)(1), which refers to relation back pursuant to “the law that provides the statute of limitations applicable to the action,” is inapplicable in this case because § 6-2-38(0, Ala.Code 1975, does not itself provide for the relation back of amended pleadings. Thus, we must consider whether Pogue’s amendment was proper under Rule 9(h), Ala.R.Civ.P., so as to fall within Rule 15(c)(4), or, alternatively, whether her amendment fulfilled the requirements of both subsections (c)(2) and (c)(3) pertaining to amendments otherwise changing parties or the naming of parties to an action. ■
Rule 9(h), Ala.R.Civ.P., states that “[w]hen a party is ignorant of the name of an opposing party and so alleges in the party’s pleading, the opposing party may be designated by any name, and when that *1243 party’s true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.” The advisory committee’s comment to Rule 9(h), upon the 1973 adoption of Rule 9, states that Rule 9(h) constitutes a “recompilation” of former Title 7, § 136, Ala.Code 1940; that it is “closely drawn from that statute”; and that “[t]he case-law construction of Tit. 7, § 136 should be consulted in the application of Rule 9(h).”
Davison contends that under Rule 9(h), Pogue’s substitution of her as a defendant for Carney, an actual person, was improper. Her contention is supported by authority construing the statutory predecessor to Rule 9(h). In Roth v. Scruggs, 214 Ala. 32, 106 So. 182 (1925), a plaintiff filed a civil action against two named individual defendants who he contended were the owners of a building in which he had suffered an elevator accident. Later, relying upon the predecessor statute to Title 7, § 136, Ala.Code 1940, the plaintiff obtained leave of court to substitute a corporation, which was the true owner of the building, as a defendant, after the applicable limitations period had expired. The corporation asserted a limitations defense, and the trial court gave an affirmative charge in favor of the corporation, ruling in favor of its defense. The Alabama Supreme Court affirmed the trial court’s judgment, reasoning as follows:
“Manifestly, the ... statute covers primarily cases where the ‘name’ of defendant is unknown, not cases in which his identity is unknown. The chief field of operation is in emergency cases, where it is important to get service upon the party against whom plaintiff has a cause of action, but whose name is at the time unknown. Cases may arise in which a tort is committed by a person unseen and unidentified, but clues are at hand leading to a discovery of name and identity, and it is important to attach property or get service while within the jurisdiction of the court. We see no reason why this statute should not extend to the latter class. There may be others. The full application of a statute can best be determined as cases arise which call for its construction. We are clear it does not apply to a case where the plaintiff, by mistake, sues the wrong party, brings him into court, and, finding he has the wrong party, seeks to substitute another and different party. With all our liberal rules of pleading intended to promote justice our statutes have not authorized an entire change of parties in the course of suit. A suit may not be begun against one person and ivind up with a judgment solely against a different person, unless he waives the change of parties. When the wrong person is sued, he is due to go out of court, and the new party is entitled to have the suit date from the time he is sued.”
214 Ala. at 34, 106 So. at 184 (emphasis added). Thus, Pogue’s amendment to replace the mistakenly sued Carney with Davison was, under the authority of Roth, not permissible under Rule 9(h), Ala.R.Civ. P., as a “substitution” for a “fictitious party,” and therefore could not relate back under Rule 15(c)(4).
Therefore, because the addition of Davi-son as a defendant amounted to a “change” of the party against whom Pogue’s claim was asserted, the amended complaint naming Davison related back to the date the original complaint was filed only if, within 120 days of the filing of the original complaint, Davison (1) received notice of the institution of the action, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against her. Rule 15(c)(3), Ala.R.Civ'.P. In this case, Davison was served more than 120 days after the original complaint was filed, and counsel for Pogue admitted in the trial court that the single letter that he had attempted to send to Davison within the 120-day period after the original complaint was filed was returned undelivered, *1244 as having been mailed with an insufficient address. Therefore, there was no evidence before the trial court from which it could have concluded that Davison received the notice required under Rule 15(c)(3) so as to permit Pogue’s amended complaint to relate back to the date she filed her original complaint.
Based upon the foregoing facts and authorities, we conclude that Davison demonstrated (1) that there were no controverted questions of fact upon which reasonable people could differ concerning whether the amended complaint related' back to the filing date of the original complaint under Rule 15(c), and (2) that she was entitled to a judgment as a matter of law. Day, 659 So.2d at 34. Therefore, the trial court erred in denying Davison’s motion for a judgment as a matter of law. We reverse the judgment of the trial court and remand the cause for that court to enter a judgment in favor of Davison.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and ' THOMPSON, JJ., concur.

. Her motion was actually captioned “motion for judgment notwithstanding the verdict.” This terminology has been superseded. See Rule 50(b), Ala.R.Civ.P. (as effective October 1, 1995).