**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12085

Non-Argument Calendar

_____

ROBERT BLANCHARD,

*Plaintiff,*

ZURICH AMERICAN INSURANCE
COMPANY,

*Intervenor-Appellant,*

*versus*

JERRY DONALD WALKER,
ACE AMERICAN INSURANCE
COMPANY,

*Defendants-Appellees,*

ALLSTATE INSURANCE COMPANY,

*Defendant.*

———————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00696-RAH-CWB

———————————————

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Zurich American Insurance Company appeals the District Court's dismissal of its Complaint in Intervention after the District Court dismissed the underlying complaint in the case. We affirm.

## I.

On April 18, 2018, Jerry Donald Walker, an Alabama resident, crashed his motor vehicle into that of Robert James Blanchard, a Louisiana resident, in Alabama, injuring Blanchard. Blanchard, an employee of Linden Bulk Transportation, LLC, was working and driving a tractor-trailer for Linden at the time of the accident. After the crash, Zurich, Linden's workers' compensation insurance provider, began paying Blanchard employment and medical benefits. Blanchard sued Walker; Walker's insurer, Allstate Insurance Company; and Linden's underinsured motorist insurance provider, Ace American Insurance Company, in federal district court in Alabama on April 17, 2020, under diversity jurisdiction.[1] Zurich filed a Motion to Intervene and Notice of Statutory Lien in that lawsuit on July 24, 2020, stating that it had a lien on

———————————————

[1] This created Case No. 2:20-cv-265-WKW. This case is not on appeal here, but it is relevant for our discussion.

24-12085                    Opinion of the Court                    3

Blanchard's proceeds from the case. Before ruling on Zurich's motion, the District Court dismissed the case without prejudice because the complaint's jurisdictional statement was deficient and Blanchard had failed to comply with court orders to file a motion to amend. In the dismissal, the Court ruled that Zurich's Motion to Intervene was moot.

Blanchard then filed a nearly identical suit in the same court, against the same parties,[2] and with a corrected jurisdictional statement, on September 2, 2020. This created a second lawsuit, which is the focus of this appeal.[3] Zurich filed a Motion to Intervene and Notice of Statutory Lien in that lawsuit on November 5, 2020. The motion again stated that Zurich had a lien on Blanchard's proceeds from the case, specifically that "Zurich . . . ha[d] a subrogation interest, or a lien, in the proceeds as specifically provided for in La. R.S. § 23:1102 . . . if the Plaintiff is successful in his action against Defendants." The District Court granted Zurich's motion on August 31, 2021, after no parties objected. Zurich then filed its Complaint in Intervention on October 1, 2021, which stated that "[p]ursuant to La. R.S. § 23:1102 . . . Zurich is entitled to reimbursement and exoneration out of the proceeds of any recovery from the Defendants herein, and to have its rights determined by final judgment of this Honorable Court."

---

[2] Allstate was later removed as a named defendant in the lawsuit.

[3] This is Case No. 2:20-cv-696-SRW.

Walker filed a motion to dismiss Blanchard's claims against him because Blanchard had filed this second suit after the statute of limitations had passed. The District Court granted the motion and dismissed Blanchard's claims against Walker with prejudice. Blanchard and Ace later settled the claim between them, and Blanchard, Ace, and Zurich[4] filed a joint stipulation for dismissal "except as to the Intervenor's, Zurich American Insurance Company's, claims against Jerry Donald Walker." The District Court granted the joint stipulation "on the terms agreed to and set out by the parties." It further provided that "[a]ll pending deadlines are terminated" and directed the Clerk of the Court to "close the case."

At this point, Zurich filed a Motion for Reconsideration, stating that the District Court had accidentally closed the entire case, instead of just the claims between Blanchard and Ace. Zurich maintained that it still had a claim against Walker. The District Court granted Zurich's motion and later ordered Walker to respond to Zurich's Complaint in Intervention. Walker instead filed a Motion to Dismiss for failure to state a claim, which the District Court granted on June 11, 2024. The Court explained that dismissal was appropriate because Zurich's claims were moot now that the underlying case between Blanchard and Walker was dismissed and, even if its claims were not moot, Zurich had filed them outside its statute of limitations. Zurich timely appeals.

---

[4] Allstate had been removed as a named defendant in the lawsuit before this filing.

24-12085                Opinion of the Court                5

**II.**

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999). To survive the motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to ʿstate a claim to relief that is plausible on its face,ʾ" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)), when "construe[d] in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Further, "a case must be dismissed as moot if events that occur subsequent to the filing of a lawsuit deprive the court of the ability to give the plaintiff meaningful relief." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1267 (11th Cir. 2020) (alterations adopted) (citation and internal quotation marks omitted).

Under Alabama law,[5] a person injured in a car accident has two years to sue for damages. *See* Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *Davison v. Pogue*, 735 So. 2d 1240, 1242 (Ala. Civ. App. 1999) ("[The] two-year limitations period applies to actions based upon collisions arising from alleged negligence in the operation of a motor vehicle."). The two years "begins to run from the time the plaintiff's cause of action accrues," *Singer Asset Fin. Co.*

---

[5] The parties do not dispute that Alabama procedural law governs this case.

*v. Connecticut Gen. Life Ins. Co.*, 975 So. 2d 375, 382 (Ala. Civ. App. 2007), which is "when the force wrongfully put in motion produces injury." *Stephens v. Creel*, 429 So. 2d 278, 281 (Ala. 1983) (citation omitted).

A workers' compensation insurer can intervene in that lawsuit for "reimburse[ment]" for compensation benefits paid or to "preserve its subrogation interest" for medical benefits paid. *Trott v. Brinks, Inc.*, 972 So. 2d 81, 83 (Ala. 2007); Ala. Code § 25-5-11(a) (2024). For the compensation benefits, reimbursement is to come from recovery in the underlying suit. *Id.* For the medical benefits, the Alabama Supreme Court "equates" the term "subrogation" with equitable subrogation. *Trott*, 972 So. 2d at 85–86. And "[u]nder the equitable doctrine of subrogation, a subrogee steps into the shoes of [the] subrogor and that subrogee only gets those rights that its subrogor has. The subrogee can have no greater rights." *Id.* at 87. In other words, if the subrogee cannot pursue a claim against the third party, then the subrogor, stepping into the subrogee's shoes, cannot pursue a claim either.[6] *Id.*

---

[6] Though, "In the event the injured employee . . . do[es] not file a civil action against the other party to recover damages within the time allowed by law [and the insurance carrier has paid compensation to the employee,] the . . . insurance carrier . . . shall be allowed an additional period of six months within which to bring a civil action against the other party for damages on account of the injury . . . . in the name of the injured employee . . . or the insurance carrier." Ala. Code § 25-5-11(d) (2024).

24-12085                Opinion of the Court                7

In a particularly convoluted brief, Zurich argues that the District Court erred in dismissing its Complaint in Intervention because it has a claim that can continue regardless of the dismissal in the underlying suit. We disagree.

Zurich intervened in Blanchard's suit. He put a lien on the recovery and preserved a right of subrogation. However, a lien on recovery requires that Blanchard actually recover, and standing in Blanchard's shoes to pursue a claim requires that Blanchard had the ability to pursue a claim on his own. Neither is the case here.

In other words, the only claim still in existence after Ace and Blanchard settled the claim between them was Zurich's claim against Blanchard for reimbursement out of that settlement. Zurich waived that claim in the joint stipulation for dismissal, which stated that the only claim not to be dismissed was Zurich's claim against Walker. In reality, Zurich had no claim against Walker at that time. Therefore, the Court's dismissal of the underlying suit "deprive[d] the court of the ability to give [Zurich] meaningful relief." *Keohane*, 952 F.3d at 1267. Zurich's Complaint in Intervention was properly dismissed.[7]

---

[7] We would be remiss if we did not directly address two questionable arguments Zurich made. Zurich explained that Walker did not object to its intervention or file a motion to dismiss its claim when the Court first dismissed Blanchard's, implying that Walker was "okay" being sued by Zurich at the start, so we should let Zurich continue suing him now. That reads a lot into the actions of the defendant and, regardless, is not a reason for the Court to ignore the procedural rules it operates under. Zurich also made multiple statements such as "this result [was] not intended by the Alabama legislature," but

## III.

We affirm the District Court's dismissal of Zurich's Complaint in Intervention.

**AFFIRMED.**

---

it provided no support or citation for such claims. We cannot rely on bare conjecture about the drafters of a statute simply because a party is upset with where the statute leaves it.